JOHN BALAZS, Cal. Bar #157287
Attorney At Law
916 2nd Street, 2nd Floor
Sacramento, California 95814
Telephone: (916) 447-9299
Fax: (916) 447-9299
John@Balazslaw.com

Attorneys for Defendant
MARC McMAIN KEYSER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-CR-0538-GEB |
| Plaintiff, | |
| v. | STIPULATION RE: RESENTENCING OF DEFENDANT MARC McMAIN KEYSER |
| MARC McMAIN KEYSER, | |
| Defendant. | Hon. Garland E. Burrell, JR. |

In an opinion filed December 6, 2012, the Ninth Circuit affirmed defendant Marc McMain Keyser's convictions, but vacated his sentence and remanded for resentencing. *U.S. v. Keyser*, No. 10-10224 (9th Cir. Dec. 6, 2012). *See* Docket Sheet, Document 95. On remand, the defendant Keyser, through his attorney John Balazs, and the United States, through its counsel, Assistant U.S. Attorney Jean M. Hobler, hereby stipulate and request that Keyser be resentenced to 41 months imprisonment with all other aspects of the original sentence remaining the same for the following reasons:

1.      On September 17, 2009, a jury found defendant Marc McMain Keyser guilty of three counts of mailing threatening communications in violation of 18 U.S.C. § 876(c) and two counts of communicating a hoax in violation of 18 U.S.C. § 1038(a). At a sentencing hearing on June 28, 2010, then U.S. District Judge Frank C. Damrell, Jr.,

adopted the guideline calculations set forth in the presentence report and determined the total offense level to be 24 as follows:

| **Groups:** | **Offense Level** | **Units** |
|---|---|---|
| Group 1 (count 5--Congressman count) | 22 | 1 |
|     base offense level: 12 | | |
|     substantial expenditure of funds: +4 | | |
|     official victim: +6 | | |
| Group 2 (counts 6 and 7--McDonalds counts) | 16 | 1/2 |
|     base offense level: 12 | | |
|     substantial expenditure of funds +4 | | |
| Group 3 (counts 12 and 13–Starbucks counts) | 16 | 1/2 |
|     base offense level: 12 | | |
|     substantial expenditure of funds +4 | | |

**Multiple Count Adjustment ( § 3D1.4)**

| | | |
|---|---|---|
| Greatest Adjusted Offense Level | | 22 |
| Increase In Offense Level For 2 Units | | +2 |

***Total Offense Level:   24***

Presentence Report (PSR), at 12-15.

    2.    With a criminal history category I and a total offense level of 24, the guideline offense level was calculated as 51-63 months. PSR, at 19, ¶78. After hearing arguments from counsel, the court sentenced Keyser to 51 months imprisonment, the low end of the guideline range. At a further hearing on July 26, 2010, the district court ordered Keyser to pay $6,677.70 in restitution.

    3.    On appeal, the Ninth Circuit Court of Appeals held that the district court committed procedural error in calculating the sentencing guidelines range. Opinion, at 23-24. At sentencing, the district court applied a 4-level enhancement to each of the Starbucks and McDonald's groups of counts pursuant to U.S.S.G. § 2A6.1(b)(4), finding that the offenses of conviction resulted in substantial government expenses. In doing so, the district court considered the government's expenditures in responses to other mailing

2

for which Keyser was not convicted.  The court of appeals held that "[t]he district court abused its discretion when it considered other mailings as relevant conduct when those mailings would not be grouped with the Starbucks and McDonald's mailings under U.S.S.G. § 3D1.2(d) had they resulted in convictions." *Id.* at 24.  The Court thus vacated Keyser's sentence and remanded for resentencing.  Because Judge Damrell has since retired, this case has been reassigned for resentencing on remand to U.S. District Judge Garland E. Burrell, Jr.

    4.    Without the 4-level increase under U.S.S.G. § 2A6.1(b)(4), the adjusted offense levels for groups 2 and 3 would be 12, instead of 16.  Because those groups would score at least 9 levels below the adjusted offense level for group 1, there would be no multiple count adjustment added to the offense level for the highest group and the total offense level would decrease from 24 to 22.  U.S.S.G. § 3D1.4(c).  With a criminal history category I and a total offense level of 22, Keyser's guideline range would be 41-51 months.

    5.    The Government's position, which was set forth at the Court of Appeals, is that there was (and is) sufficient information on the record for the Court to make a finding of substantial response costs as to the Starbucks (Group 2) and McDonald's (Group 3) mailings without consideration of response costs attributable to other mailings for which Keyser was not convicted.  Because the defense neither raised nor argued this issue before the district court, the district court did not have an opportunity to frame its findings consistent with the Sentencing Guidelines.  Nevertheless, given: (a) the intervening retirement of Judge Damrell, who presided over trial in this matter; (b) the resulting necessity of a new District Judge reviewing the entire record to prepare for a contested sentencing; (c) the resources currently available to the U.S. Attorney's Office; (d) the Ninth Circuit's clear rejection of Keyser's arguments that the First Amendment somehow protected his threatening and hoax mailings; and (e) Keyser's new apparent willingness to accept responsibility for his actions; and (f) the fact that the sentence jointly proposed herein would satisfy the factors set forth in 18 U.S.C. § 3553(a), the Government believes

justice is best served in this matter by compromising on sentencing rather than committing renewed resources of the Government, the Court, and the CJA panel to relitigate the issue.

6. Upon resentencing, the parties stipulate that Keyser's sentencing guidelines should be recalculated without the 4-level enhancement under U.S.S.G. § 2A6.1(b)(4) to groups 2 and 3. With the same criminal history of category I and an offense level of 22, Keyser's guideline sentencing range would be 41-51 months. Keyser is now 70 years old. The parties agree that a sentence at the bottom of the guideline range, or 41 months imprisonment, is appropriate in light of all the purposes of sentencing set forth in 18 U.S.C. § 3553(a) and for the reasons previously stated by the district court at the original sentencing. The parties also agree that all other aspects of Keyser's sentence imposed on April 26, 2010, including the 3-year term of supervised release, and the $6,677.70 in restitution imposed on July 26, 2010, shall remain the same.

7. As part of this stipulation, if accepted by the Court, Keyser agrees to waive his right to appeal and to collaterally attack his sentence under 28 U.S.C. §§ 2255 or 2241 or otherwise.

8. Defendant Marc McMain Keyser is currently incarcerated at the federal prison camp in Lompoc, California. According to the Bureau of Prison's website, his expected release date is January 3, 2014. Counsel for Keyser represents that Keyser has been advised of his right to be present for resentencing. Pursuant to Federal Rule of Criminal Procedure 43(c)(1)(B), Keyser has executed the attached waiver of his right to be present at any re-sentencing proceeding. He also waives his rights to be present and to allocution at re-sentencing. He also agrees to the stipulated sentence of 41 months with all other aspects of the original sentence imposed on April 26, 2010, including a 3-year term of supervised

///
///
///

release, and $6,677.70 in restitution imposed on July 26, 2010, to remain the same.

                                              Respectfully submitted,

DATED: December 21, 2012

                                              /s/ John Balazs
                                              JOHN BALAZS

                                              Attorney for Defendant
                                              MARC McMAIN KEYSER


                                              BENJAMIN B. WAGNER
                                              U.S. Attorney

DATED: December 21, 2012

                                    By:   /s/ Jean M. Hobler
                                                  JEAN M. HOBLER

                                              Assistant U.S. Attorney

                                              Attorney for Plaintiff
                                              United States of America

**DEFENDANT MARC McMAIN KEYSER'S
WAIVER OF PRESENCE AT RE-SENTENCING**

I, Marc McMain Keyser, am currently incarcerated at FPC Lompoc, California. I have been advised of my right to be present for re-sentencing on remand from appeal. I knowingly and voluntarily waive my right to be present and my right to allocution at re-sentencing. I agree to the attached stipulation for a sentence of 41 months with all other aspects of the original sentence imposed on April 26, 2010, including a 3-year period of supervised release, and $6,677.70 in restitution imposed on July 26, 2010, to remain the same.

DATED: December  29 , 2012

/s/ Marc McMain Keyser
MARC McMAIN KEYSER
Defendant
[original signature on file]

## ORDER

For the reasons set forth in the attached stipulation of the parties, on remand from appeal, the Court hereby re-sentences defendant Marc McMain Keyser to 41 months imprisonment in *United States v. Keyser*, No. 2:08-CR-0538-GEB.  All other aspects and conditions set forth in the amended judgment filed on July 30, 2010 shall remain the same.  The clerk is directed to issue an amended judgment reflecting the new sentence.

Dated:  January 23, 2013

```
_____
GARLAND E. BURRELL, JR.
Senior United States District
Judge
```